### *ABAT* vs. *SIGURA.*

APPEAL from the court of the fifth district.

PORTER, J. delivered the opinion of the court. This action was instituted against the defendant as endorser of a promissory note. There was a denial of notice in the answer, and a plea that the endorsement had been procured

If the endorser of a note plead the general issue, want of notice and fraud, his counsel has not the right of opening the case to the jury.

ABAT
vs
SIEURA.

through the false and fraudulent misrepre-
sentations of the plaintiff.

The cause was tried by a jury, who found
a verdict for the defendant. The plaintiff
appealed.

When the evidence was gone through, each
party claimed the right of opening and clos-
ing the argument to the jury. The judge
decided in favor of the defendant. This
opinion furnished the ground for the first bill
of exceptions that appears on the record.

A good deal of the argument in this court
has turned on the question whether the Code
of Practice was in force in the parish at the
time of the trial. We have found it unne-
cessary to examine the subject in relation to
the provisions in the code, for admitting it
not to have been in force, and that the rule of
the court below was, that he who had the af-
firmative on the pleadings should open and
close the argument, we think the judge erred.

Because, by the answer put in, the defen-
dant had only the affirmative on one of the
issues joined. For after admitting the en-
dorsement, and charging fraud, it concludes
in these words, ''and that except as before
stated, the facts and allegations contained in

the plaintiff's petition are untrue, which the defendant will verify."

This threw on the plaintiff the burthen of proof as to notice of the protest, and we understand the rule, independent of positive regulation, to be, that whenever the plaintiff has the affirmative in any one of the issues which the pleadings present, he has a right to open and close the argument.

It has been contended that the error was one which could not have affected the finding of the jury, and that the court ought not to remand the cause.

It is true there might be cases presented to the court where the evidence would so strongly preponderate in favor of the party who obtained this advantage, that not even a presumption would arise, that it was owing to this circumstance the verdict was given in his favor. But admitting the proof given here to preponderate in favor of the defendant, it does not so strongly weigh on that side as to permit us to say that the exercise of professional talent, did not have some influence in turning the scale.

It is therefore ordered, adjudged and decreed, that the judgment of the district court

West'nDis'ct
*August*, 18 6.

ABAT
*vs*
SIGUR A.

be annulled, avoided and reversed, and it is further ordered, adjudged and decreed, that the cause be remanded to the district court, with directions to the judge to permit the plaintiff to open and close the argument before the jury, and it is further ordered, adjudged and decreed, that the appellee pay the costs of this appeal. *See the same case in August Term,* 1827.

*Grima* & *Simon* for the plaintiff, *Lesassier* & *Brownson* for the defendant.